IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-0055-WS |
| ) | |
| NIAH MASON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant Niah Mason's Motion to Fix Trial in the Northern Division (doc. 35). The Motion has been briefed and is ripe for disposition.

On February 28, 2008, an Indictment (doc. 1) charged Mason and a co-defendant, Rashad Jones, with possession of counterfeit U.S. currency with intent to defraud in the Southern District of Alabama, Northern Division, on or about January 7, 2007. The parties' filings reflect that the offense conduct allegedly consisted of Mason and/or Jones (who entered a guilty plea in April 2008) passing $1,100 in counterfeit bills to purchase video game consoles at a Game Stop retail store in Selma, Alabama, which is located in the Northern Division. On April 1, 2009, Magistrate Judge Cassady entered an Order on Arraignment (doc. 34) fixing this action for jury selection and trial in the June 2009 criminal term.

Defendant now moves this Court pursuant to the Sixth Amendment to the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure to fix jury selection and trial of this matter in the Northern Division. Alternatively, Mason requests that the jury pool be drawn from the district at large, and not merely from the Southern Division, in order to comport with the Sixth Amendment. The Government has opposed the Motion.

To the extent that Mason would invoke a Sixth Amendment right to a trial in the Northern Division, the authority is overwhelming that no such right exists. *See, e.g., United States v. Betancourt*, 734 F.2d 750, 756 (11th Cir. 1984) ("there is no constitutional right to trial within a division"); *United States v. Burns*, 662 F.2d 1378, 1382 (11th Cir. 1981) ("a division has

no constitutional significance").[1]  Defendant properly acknowledges this line of authorities. Insofar, then, as Mason maintains that the Sixth Amendment entitles him to a trial in the Northern Division, where the offense conduct allegedly occurred, his Motion is not well taken.[2]

---

[1]  This assessment has been echoed by myriad other federal courts.  *See, e.g., United States v. Richardson*, 537 F.3d 951, 959 (8th Cir. 2008) (a criminal defendant "does not have a right to have his trial in or jurors summoned from a particular division of the state and district where the crime was committed"); *United States v. Mallett*, 496 F.3d 798, 801 (7th Cir. 2007) ("A defendant may be tried in a division of a judicial district different than the division where the crime was committed."); *United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002) ("There is no basis for inferring the existence of a constitutional right to trial within the *division* where a criminal defendant lives or where a crime was committed."); *United States v. Erwin*, 155 F.3d 818, 824 (6th Cir. 1998) ("there is no constitutional or statutory requirement that a defendant's trial take place in a specific courtroom or division within a federal judicial district"); *United States v. McKinney*, 53 F.3d 664, 673 (5th Cir. 1995) ("There is no constitutional right to be tried in a particular division within a district.") (citation omitted); *United States v. Herbert*, 698 F.2d 981, 984 (9th Cir. 1983) (district court has discretion to fix the place of trial at any place within the district); *United States v. Knox*, 363 F. Supp.2d 845, 847 (W.D. Va. 2005) ("A federal criminal defendant has no constitutional right to trial in a particular division within a judicial district."); *United States v. Traficant*, 209 F. Supp.2d 764, 778 (N.D. Ohio 2002) ("A defendant in a criminal case has ... no right to jurors drawn from a particular division, and no right to a trial held in a particular division.").

[2]  The same conclusion attaches as to Mason's suggestion that empaneling a jury drawn from a venire of Southern Division residents (rather than one drawn from the district at large) would implicate his Sixth Amendment right to be "tried by juries drawn from a fair cross-section of the community."  *United States v. Grisham*, 63 F.3d 1074, 1078 (11th Cir. 1995).  A defendant establishes a *prima facie* violation of the fair-cross-section requirement by showing (1) that the allegedly excluded group is a "distinctive" group in the community; (2) that representation of that group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the under-representation is due to systematic exclusion of the group in the jury-selection process.  *United States v. Clarke*, --- F.3d ----, 2009 WL 723206, *4 (11th Cir. Mar. 20, 2009); *United States v. Carmichael*, --- F.3d ----, 2009 WL 539953, *6 (11th Cir. Mar. 5, 2009).  Certainly, Mason is correct that African-Americans represent a distinctive group in the community.  But Mason has made no showing of the second element, which generally requires a disparity of 10% or more between the percentage of African-Americans in the community eligible for jury service and those in the pool.  *See Carmichael*, 2009 WL 539953, at *6 ("Under black letter Eleventh Circuit precedent, if the absolute disparity between these two percentages is ten percent or less, the second element is not satisfied.") (citation omitted); *United States v. Siegelman*, --- F.3d ----, 2009 WL 564659, *27 (11th Cir. Mar. 6, 2009) (no constitutional or statutory violation where defendant fails to show "absolute racial disparity between the composition of his juries and the community at-large of

Defendant's alternative basis for requesting that the trial be fixed in the Northern Division is Rule 18, Fed.R.Crim.P., which provides that a district court "must set the place of trial within the district with due regard for the convenience of the defendant and witnesses, and the prompt administration of justice."  *Id.*; *see also Betancourt*, 734 F.2d at 756 (in exercising discretion over venue, "the judge must consider (1) the convenience of the defendant, (2) the convenience of the witnesses, and (3) the prompt administration of justice"); *Burns*, 662 F.2d at 1382 (similar).  In support of his Rule 18 argument, Mason first points out that the alleged offense conduct occurred in Selma, which lies in the Northern Division, approximately 160 miles from the Mobile federal courthouse where Southern Division court proceedings are held.  Mason further contends that all witnesses (excluding federal agents, and including character and fact witnesses that Mason intends to call at trial, such as the manager of the Game Stop store and a representative of the Selma bank that discovered the counterfeit currency) reside in and around Selma, such that it would be far more convenient for them for trial to be held in the Northern Division, close to their residences, rather in the Southern Division.

As the parties are aware, the Southern Division has been adopted as the preferred venue for criminal trials in the Southern District to promote administrative convenience, logistical efficiency, and expeditious adjudication of criminal matters.  The reasons for this preference are several.  For example, given that the Selma courthouse is not permanently staffed, some effort, coordination and expense are required to transport court legal, clerical and administrative personnel to Selma for criminal court proceedings.  The same is true of counsel and litigation support personnel for both the Government and most defendants, who are often based in or around Mobile.  Of greater importance, it is well documented that the U.S. Marshal's Office has articulated manpower and safety concerns attendant to conducting criminal trials in the Northern Division, particularly where there are multiple in-custody defendants and/or witnesses.  *See, e.g.,*

---

over 10%").  Mason presents no data; however, data maintained by the Clerk's Office reflects that African-Americans comprise 23.16% of the jury wheel qualified list for the Southern District as a whole, and 19.29% of the jury wheel qualified list for the Southern Division.  The differential between the percentage of African-Americans in the Southern Division jury wheel qualified list and those in the district-at-large qualified list being much lower than ten percent, Mason has failed to establish the second element of a fair-cross-section challenge to having his jury drawn from the Southern Division rather than from the district as a whole.

*United States v. Williams*, 2008 WL 2225763, *1 (S.D. Ala. May 28, 2008) (chronicling hazards involved with conducting criminal trials in Selma courthouse for in-custody defendants and witnesses, such as existence of only two side-by-side holding cells placing defendant and witnesses in immediate proximity to each other, as well as manpower considerations given low staffing of deputy marshals and court security officers); *United States v. Antonio Demond Smith*, Criminal No. 05-0231-01-CG (*slip op.*) (doc. 55, entered on Oct. 7, 2005) (similar).  That said, it has never been the intent of this Court categorically to exclude criminal trials from being conducted in the Northern Division.  The undersigned appreciates the significance of utilizing the Selma court facilities for federal proceedings, and the importance to the bar and the community of not having the federal courthouse in Selma lapse into permanent disuse.  That this Court has not conducted criminal trials in Selma in recent years is more a reflection on the paucity of appropriate Northern Division criminal cases that go to trial than it is a statement of unwillingness to try cases there.[3]  Simply put, this Court remains favorably disposed to the prospect of conducting trials of Northern Division criminal actions in Selma, provided that safety, speedy trial, and other logistical and administrative considerations do not militate otherwise.

Upon careful review of the parties' submissions and the court file, the undersigned concludes that this is an appropriate case for trial in the Northern Division.  As noted, the offense conduct is alleged to have occurred in the Northern Division, and it appears that many fact and character witnesses will be drawn from the Selma area.  Mason timely requested a Northern Division trial setting.  Further, by all appearances, the trial in this action should be brief, such that any disruption to court business in Mobile wrought by dispatching court and security personnel to Selma for trial should be minimal.  Finally, Mason is not in custody, and there is no

---

[3] An unscientific survey of Northern Division criminal actions initiated in the last six years reveals, unsurprisingly, that the overwhelming majority of them have ended in guilty pleas, with only a small handful proceeding to trial.  Several have been tried in the Southern Division because the defendant did not request a Northern Division trial setting, the defendant was in custody, or there were other extenuating circumstances rendering a trial setting in Selma inappropriate or impracticable.

indication that either the prosecution or the defense intends to call in-custody witnesses at trial.[4] These circumstances greatly alleviate the safety and staffing concerns identified by judges of this District Court on other occasions as reasons not to fix trials in the Northern Division. Indeed, the Government's Response identifies no safety concerns as a basis for opposing the Motion under Rule 18. At most, the Government questions whether a Southern Division trial setting would really be inconvenient for defense witnesses, and suggests that the prompt administration of justice will be delayed if trial is fixed in the Northern Division. As to the former point, the Court finds that Mason has made a sufficient showing that he intends to call character and fact witnesses to testify, and that those witnesses are believed to reside in or near Selma. As to the latter, the Court notes that the Order on Arraignment (doc. 34) set this matter for trial in the June 2009 term. Given that it takes approximately seven weeks to constitute a jury venire in the Northern Division, there is no reason to believe that the trial setting will be meaningfully delayed to enable assembly of a jury venire in the Northern Division.

In sum, then, the Court finds that defendant's Motion to Fix Trial in the Northern Division has merit for the following reasons: (a) in appropriate circumstances and subject to considerations of safety and efficient administration of justice, Northern Division criminal actions may be tried in the federal courthouse in Selma; (b) the underlying events occurred in Selma, and both defendant and his character and fact witnesses are from that area; (c) the convenience of the witnesses favors a Northern Division trial setting; (d) as this case is postured, no significant countervailing concerns of safety, staffing or disruption of court business in Mobile are presented; (e) any adverse effect on the prompt administration of justice in this case would be minor, given the timing of the Motion; and (f) the Court finds that this is an appropriate case for trial in the Northern Division.

For all of the foregoing reasons, defendant's Motion to Fix the Trial in the Northern Division (doc. 35) is **granted**. This case will be tried at the U.S. Courthouse in Selma,

---

[4] It is anticipated that one or both sides may call Mason's co-defendant, Rashad Jones, to testify. Jones pleaded guilty and was sentenced by this Court on August 12, 2008 to a three-year term of probation; therefore, it appears that he is not in custody.

Alabama.[5]  In light of this ruling, the parties should be prepared to discuss logistics, trial setting and other arrangements with Magistrate Judge Cassady at the pretrial conference, which remains set for May 12, 2009 at 9:00 a.m.  (*See* doc. 34.)

DONE and ORDERED this 21st day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] Pursuant to § 9.01 of this District Court's Plan for the Qualification and Random Selection of Grand and Petit Jurors, "names of petit jurors to attend court in Selma, Alabama shall be drawn from the Northern Division wheel."  Thus, fixing the trial in the Northern Division necessarily implies that this case will be tried before a Northern Division jury.